## Commonwealth for Use, et al. v. Boles, et al.

(Decided November 10, 1914.)

### Appeal from Barren Circuit Court.

Municipal Corporations—Officers, Agents and Employes—Liabilities on Official Bonds.—The marshall of a city of the fifth class

is not liable on his official bond for the acts of one-day police-
men appointed pursuant to the provisions of Section 3629, Ken-
tucky Statutes.

C. H. HATCHETT for appellant.

BAIRD & RICHARDSON for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

W. M. Williams instituted this action in the Barren
Circuit Court, in the name of the Commonwealth for his
own use and benefit, against John H. Boles and his
bondsmen, as marshal of the city of Glasgow, to recover
damages for alleged false arrest. By appropriate alle-
gations, the details of the marshal's appointment and
qualification, execution of bond, and taking of the oath
of office were set out in the petition; and it was further
alleged by appropriate allegations that plaintiff was
wrongfully arrested by B. B. Scott and Taylor Foster;
that at 8:30 o'clock a. m. on October 4, 1913, Boles as
marshal, appointed Scott and Foster and one Collins, as
deputies or additional policemen to serve for a period
of twenty-four hours; and that the Mayor and City
Council of the city of Glasgow concurred in this appoint-
ment, and a copy of the order of the council purporting
to exhibit this concurrence was filed with the petition.

This order reads as follows: "The city council of the
city of Glasgow, Kentucky, met pursuant to adjourn-
ment at 8:30 a. m., October 4th, in the city court room.
Present, T. P. Dickinson, Mayor, and Councilmen Elli-
son, Allen and Currie. On motion of Councilman Elli-
son, seconded by Councilman Allen, it was ordered that
B. B. Scott, Harry Collins and Taylor Foster be and they
are hereby appointed special policemen for the city of
Glasgow, Ky., for the next twenty-four hours. The said
Scott, Collins and Foster took the oath required by law
before Mayor T. P. Dickinson, and entered upon their
duties. On motion and second, the council then ad-
journed."

The defendants demurred to the petition, and the de-
murrer was sustained. The plaintiff declining to plead
further, his petition was dismissed, and he appeals.

1. Glasgow is a city of the fifth class. The powers
and duties of a marshal of a city of the fifth class are
defined in section 3629, Kentucky Statutes. In relation

to the appointment of additional policemen, the statute contains the following:

"He may appoint, subject to the approval of the city council, one or more deputies, for whose acts he and his bondsmen shall be responsible, whose only compensation shall be fees for service of process, which shall be the same as those allowed the city marshal. He shall also, with the concurrence of the mayor and the city council, when the same may by them be deemed necessary for the preservation of public order, appoint additional policemen, who shall discharge the duties assigned them for one day only. When the city council may deem it necessary, he shall also appoint a policeman, subject to the approval of the mayor and the city council, who shall hold office during the pleasure of, and whose compensation shall be fixed by the city council. Such policeman shall execute bond to be approved by the city council for the faithful performance of his duty."

It will thus be seen that in addition to the regular marshal, the statute provides for three classes of additional peace officers: (1) deputy marshals appointed by the marshal subject to the approval of the council, who serve under the marshal's own bond; the marshal alone determines the necessity or desirability of appointing these deputies; (2) one-day policemen appointed by the marshal with the approval of the mayor and council, who are to be appointed only when it is deemed necessary by the mayor and council, for the preservation of public order; and as to these, no provision is made concerning bond; and (3) when deemed necessary by the council, the marshal shall appoint a policeman subject to the approval of the mayor and council, who serves under his own independent bond.

It is apparent that the purpose of these provisions for appointment by the marshal of additional officers is that he shall be the head of the police force, and for this reason, even though the policeman serves under his bond, and even though the statute does not provide that the one-day men shall serve under the marshal's bond, still it is desirable that no one should be selected for these places who would not work in harmony with the marshal himself.

The statute omits to provide that the one-day men shall serve under the marshal's bond, and for this reason the demurrer was properly sustained.

It is unnecessary to consider the effect of the conflict

between the allegation that the marshal appointed these one-day policemen, and the exhibit filed with the petition, which fails to show that the marshal had any participation in the appointment of the three men in question. Nor are the other questions raised material to be considered in the light of the ruling as to the sufficiency of the petition. The plaintiff has no right of action upon the marshal's bond.

Judgment affirmed.